UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ALI ALSADOON,

        Petitioner,

v.                                      Case No.  2:17-cv-30
                                       HON.  GORDON J. QUIST

REBECCA ADDUCCI, et al.,

        Respondents.

_____/


REPORT AND RECOMMENDATION

        Petitioner Ali Alsadoon filed this petition for writ of habeas corpus under 28 U.S.C.

§ 2241 for his release from the custody of the Department of Homeland Security, United States

Immigrations and Customs Enforcement (ICE).  Petitioner, a citizen of Iraq, entered the United

States in 1994 as a refugee.  Petitioner was detained by ICE in February 2012, while confined in

the Michigan Department of Corrections (MDOC) after being convicted of several felonies.

Petitioner was serving a sentence for breaking and entering and habitual offender (fourth offense).

Petitioner's prior convictions include: aggravated domestic violence, operation of a motor vehicle

without a license or with multiple licenses, breaking and entering, larceny of a building and

breaking and entering, fleeing from a police officer, operating a motor vehicle while intoxicated,

possession of a controlled substance, and safe breaking.

        In 2014, Petitioner attempted to register as a permanent resident and filed an

application for asylum and to withhold his removal from the United States.  Petitioner's

applications were denied by an Immigration Judge on March 24, 2015.  The Immigration Judge

ordered Petitioner's removal from the United States. Petitioner did not appeal that decision. The MDOC paroled Petitioner to ICE custody on May 17, 2016. Petitioner filed this petition for writ of habeas corpus asserting that he is being unlawfully detained by ICE in the Chippewa County Jail. While Petitioner resided in the United States, he fathered four children who are United States citizens. Petitioner asserts that ICE has been unable to remove him to Iraq, despite his efforts to comply with all requests for documentation. Due to the war in Iraq, Petitioner asserts that removal is not possible or expected in the future. Petitioner asserts that his federal and constitutional rights are being violated by his continued detention.

Petitioner maintains that pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), six months is the presumptively reasonable period during which the ICE may detain aliens in order to effectuate their removal. Petitioner claims that his continued detention is unlawful and that he is entitled to release from custody pursuant to § 2241. An alien's detention pending removal from the United States is governed by Section 241(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a). The law provides that when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days. 28 U.S.C. § 1231(a)(1)(A). During the removal period, the alien must be detained. 28 U.S.C. § 1231(a)(2). If the alien has not been removed within the 90 day period, the alien shall be subject to supervision under regulations prescribed by the Attorney General. 28 U.S.C. § 1231(a)(3). However, the statute provides that an alien who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period. 28 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, the United States Supreme Court addressed the legality of post-order detention in the cases of two aliens previously admitted to lawful permanent resident status, but subsequently ordered deported. *Id.*, 533 U.S. at 684. The Court held that the "presumptively reasonable period of detention" in such cases was six months. *Id.* at 701. The Court stated that "[a]fter this six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* The Court further noted that for the detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* Finally, the Court held that not every alien must be released after six months, and that an alien may be confined until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

In *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2004), the Sixth Circuit held that removable aliens may be detained for a time reasonably required to complete removal proceedings in a timely manner. *Id.* at 268. Should the process take an unreasonably long time, the detainee may seek relief in habeas proceedings. *Id.;Habtegaber v. Jennifer*, 256 F. Supp. 2d 692, 696 (E.D. Mich. 2003). The post-order custody of deportable aliens such as Petitioner is reviewed under the procedures set forth at 8 C.F.R. §§ 241.4 and 241.13. The court notes that § 241.13 establishes procedures to determine whether there is a significant likelihood that an alien will be removed from the United States in the foreseeable future.

Respondent contends that Petitioner has not met his burden of showing that there is no significant likelihood of his removal from the United States within the foreseeable future. As

noted by Respondent, the aliens in *Zadvydas* could not be deported because one was from Cambodia, a country with which the United States has no repatriation agreement, and the other was born in a refugee camp, so was not a citizen of any country. *Id.* at 684, 686.

Petitioner argues that due to the delay in obtaining travel documents, it is not likely that he will be removed to Iraq in the foreseeable future and there exists no special circumstances to justify his continued detention. Further, Petitioner argues that despite ICE's efforts, ICE has not been able to obtain travel documents for Petitioner and Iraq has refused to issue travel documents for Petitioner. Federal courts have held that mere bureaucratic delay in the detainee's home country in processing the request for a travel document is insufficient to show that there is no significant likelihood of removal. *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366-67 (N.D. Ga. 2002); *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1137-38 (S.D. Cal. 2001).

It is Petitioner's initial burden to show that there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, at 701. Petitioner has the burden of providing this court with a good reason to believe that no such likelihood of his removal exists. *Id.* Once Petitioner has met this burden, the government must respond with evidence sufficient to rebut that showing. *Id.*

Petitioner has not provided the court with any evidence that could support a "good reason to believe" that his removal is unlikely in the reasonably foreseeable future. ICE has worked to obtain Petitioner's Iraq travel documents since Petitioner was taken into ICE custody. In June of 2016, the Iraqi Consulate requested an interview with Petitioner. Petitioner was interviewed on July 15, 2016. ICE asked Petitioner to complete Iraq Application and Iraq Declaration forms on July 21, 2016. Petitioner completed the forms, but has refused to sign them.

4

On August 11, 2016, ICE determined that Petitioner was a threat to public safety and decided to continue Petitioner's detention due to criminal convictions for domestic violence, breaking and entering, fleeing a police officer, and operating while intoxicated. In addition, Petitioner admitted that he is a gang member. On September 6, 2016, the Iraqi Consulate denied Petitioner travel documents, because Petitioner failed to present required documentation. The consulate stated that Petitioner needed to present his original and valid Iraqi Personal Identification Card and Iraqi Citizenship Certificate. However, Petitioner's family has asserted that these documents no longer exist.

ICE continued Petitioner's detention on December 1, 2016. On January 20, 2017, the Iraqi Consulate indicated that it would not issue a travel document for Petitioner. ICE has met with Iraqi authorities and the U.S. Department of State. Iraq is now willing to accept charter flights of Iraqi citizens, such as Petitioner, who lack original Iraqi identification documents. The first flight was scheduled for April 19, 2017, and a second flight was being planned. ICE has submitted Petitioner's case directly to the Iraqi Government for consideration for a future flight. There exists no institutional barrier to Petitioner's removal in this case, unlike the situation presented in *Zadvydas,* which involved two aliens with criminal records and the potential of permanent confinement. Neither of the aliens in *Zadvydas* could be repatriated to their native countries. In fact, ICE has shown that Petitioner's removal is likely in the foreseeable future.

Petitioner has presented no evidence that could support a conclusion that his removal is unlikely in the reasonably foreseeable future. Instead, the government has established that Petitioner's removal is likely in the foreseeable future. It appears that there exist no institutional barriers to removal. ICE has successfully removed other Iraqi citizens who did not

have original Iraq identification documents.  Similarly, Petitioner's due process claims lack merit.
Petitioner has not shown that either his substantive or procedural due process rights have been
violated.  Petitioner's remaining claims involving lack of counsel, double jeopardy, excessive bail,
excessive fines, and cruel and unusual punishment are unsupported by fact and law.

In the opinion of the undersigned, the petition for a writ of habeas corpus should be
dismissed.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be
served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt
of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.
LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.
*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140
(1985).


Dated:    August 22, 2017              /s/ Timothy P. Greeley
                                       TIMOTHY P. GREELEY
                                       UNITED STATES MAGISTRATE JUDGE